IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW LEWIS,

        Plaintiff,                          CIV S-01-0104 WBS GGH

      vs.

MICHAEL J. ASTRUE,                 ORDER AND
Commissioner of Social Security,    <u>FINDINGS AND RECOMMENDATIONS</u>

        Defendant.
_____/

        Presently before the court is defendant's motion to dismiss this ten (10) year old case for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), but it is based on a failure to prosecute. A failure to prosecute is a Fed.R.Civ.P 41(b) motion, and the court decides on this basis (<u>see</u> footnote 2 herein). Plaintiff has filed <u>no</u> response.[1] Having reviewed the motion, the court now issues the following findings and recommendations.

<u>BACKGROUND</u>

        After plaintiff initiated this action in federal court based on the ALJ's decision terminating benefits, as affirmed by the Appeals Council, defendant Commissioner was unable to

---

[1] This matter was taken under submission without oral argument.

1

locate the claim file and hearing tape from the ALJ's administrative hearing.  Such would have been necessary to adjudicate this case in federal court on the "old" record.   After a stipulated "Sentence Six" (42 U.S.C. 405(g)) remand to locate this evidence, the Commissioner could not locate the necessary materials.  Therefore, a new administrative hearing was noticed as ordered; however, plaintiff did not appear at the hearing, and according to the Commissioner, the notice of hearing was not returned as undeliverable.  Upon issuance of a notice to show cause, the notice sent by certified mail was returned as undeliverable while the notice sent by regular mail was not returned as undeliverable.  Plaintiff's counsel appeared at a rescheduled hearing; however, plaintiff did not appear.  His counsel represented that he had been unable to locate plaintiff.  Based on plaintiff's refusal to accept certified mail, but receipt of regular mail, the ALJ concluded that plaintiff had abandoned his hearing request and dismissed the request for hearing, holding that the original August 12, 1997 determination remained in effect.

The Commissioner filed this motion to dismiss nearly ten years after the case had been remanded.

DISCUSSION

Under Sentence Six, the court retains jurisdiction awaiting the Commissioner to file the post-remand results.  See Shalala v. Schaefer, 509 U.S. 292, 298-99, 113 S.Ct. 2625, 2629-30 (1993).  Therefore, the court retained jurisdiction when it remanded the case under Sentence Six, and maintains it to this day.  The unopposed facts as presented by the Commissioner indicate that plaintiff has abandoned his claim, and therefore this action must be dismissed for failure to prosecute.

All Social Security claimants are required to adhere to the Social Security Regulations regarding appearances at hearing.  See 20 CFR §§ 404.957(b)(1); 416.1457(b)(1). Failure to appear at a scheduled administrative hearing may result in dismissal of a request for hearing where the ALJ finds no good cause for failure to appear.  Id.  Plaintiff has an affirmative duty to prosecute this action, and failure to do so is grounds for dismissal for lack of prosecution.

2

Fed. R. Civ. P. 41(b).

> When considering whether to dismiss a case for lack of prosecution, the district court must weigh the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy favoring disposition of cases on their merits, and the availability of less drastic sanctions.

Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).

"Only 'unreasonable' delay will support a dismissal for lack of prosecution." Id.

On July 27, 2001, the district court ordered that the case be remanded for either a search and retrieval of the hearing tape or a de novo hearing. Plaintiff's refusal to appear for hearing certainly violated the intent of that order such that this case could be ultimately adjudicated. In addition, as noted previously, plaintiff has filed no opposition to the Commissioner's motion. The Commissioner is clearly prejudiced by the requirement of defending an abandoned case, and this court is put in the untenable position of expending limited judicial resources to decide such a case on the merits. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the unsuitability of a less drastic sanction, direct that this case be dismissed. Clearly, the delay occasioned by plaintiff's lack of participation in his administrative proceedings has been unreasonable. While the court is not clear why it took the Commissioner ten years to figure out that plaintiff was failing to prosecute, plaintiff has done nothing to prosecute *his* claim since the order of remand.

Accordingly, IT IS ORDERED that this action is reopened.

IT IS RECOMMENDED this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).[2]

---

[2] The court decides on the failure to prosecute ground because it is much more correct than the jurisdictional grounds argued in the Commissioner's motion. The Commissioner first argues that the ten year delay means there is "no case or controversy." However, no specific authority is cited that delay in prosecution robs the court of jurisdiction on standing grounds. The failure to exhaust administrative remedies is also problematic. Plaintiff initially did exhaust administrative remedies,

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 20, 2011

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:076/Lewis0104.dis.wpd

---

and it is unclear that failure to participate in a Sentence Six remand is the failure to exhaust administrative remedies.  It was really non-exhaustion of the court order which was at issue.  Certainly the Commissioner has cited no exhaustion authority specific to Sentence Six remands.